**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; WILLIAM SCOTT, in his individual capacity as Chief of Police of the San Francisco Police Department; MARK POWELL, in his individual capacity as Crime Laboratory Director of the San Francisco Police Department; KELLEY FRACCHIA, in her individual capacity as criminalist for the San Francisco Police Department; SYLVIA LANGE, in her individual capacity as an officer of the San Francisco Police Department; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.:<br><br><u>COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF</u><br>(42 U.S.C. § 1983)<br><br><u>JURY TRIAL DEMANDED</u> |

# INTRODUCTION

1. This case brings to light the San Francisco Police Department's shocking practice of placing crime victims' DNA into a permanent database without the victims' knowledge or consent. Law enforcement officers test the victims' DNA for matches in every subsequent criminal investigation in which genetic material is recovered without any reasonable basis to suspect the victims are in any way connected to these completely unrelated crime scenes. There are reportedly thousands of people who are being subjected to this arbitrary, unlawful unconstitutional invasion of privacy.

2. Plaintiff Jane Doe, a sexual assault survivor, was re-victimized by this unconstitutional practice. In 2016, she provided a DNA sample to the San Francisco Police Department as part of its investigation into her sexual assault. However, she never consented to it to be stored or used for any other purpose. Nevertheless, the Department maintained Plaintiff Doe's DNA in the database for more than six years. During this time, the crime lab routinely ran crime scene evidence through this database that included Plaintiff's DNA without ever attempting to get her consent or anyone else's consent. Her DNA was likely tested in thousands of criminal investigations, though the police had absolutely no reason to believe that she was involved in any of the incidents.

3. Defendant Mark Powell, director of the San Francisco Police Department Crime Laboratory, characterized this shocking use of crime victims' DNA as standard procedure.[1]

4. In December of 2021, Defendant City and County of San Francisco used an alleged match between crime scene evidence and Plaintiff Doe's unconstitutionally-maintained DNA

---

[1] https://www.ktvu.com/news/use-of-rape-kit-dna-in-san-francisco-to-probe-other-crimes-shocks-prosecutors

sample to arrest her on allegations of burglary. While all charges stemming from this incident against Plaintiff Doe were eventually dropped, the appalling, exploitative, and unconstitutional nature of Defendants' practice cannot be ignored.

## JURISDICTION

5. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in San Francisco, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

6. Plaintiff JANE DOE (hereinafter "Plaintiff DOE") is a competent adult, a resident of California, and a citizen of the United States. Plaintiff brings this action under a pseudonym in order to preserve her anonymity and protect her privacy as a survivor of sexual assault.[2]

7. Defendant CITY & COUNTY OF SAN FRANCISCO (hereinafter "Defendant CCSF"), is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the San Francisco Police Department.

8. Defendant WILLIAM SCOTT (hereinafter "Defendant Scott") was, and at all times herein is, the police chief of the San Francisco Police Department and Defendant CCSF and is sued in his individual capacity.

---

[2] "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does 1 thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000).

9. Defendant MARK POWELL (hereinafter "Defendant Powell") was, and at all times herein is, the director of the San Francisco Police Department Crime Laboratory and an employee of Defendant CCSF and is sued in his individual capacity.

10. Defendant KELLEY FRACCHIA (hereinafter "Defendant Fracchia") was, and at all times herein is, a criminalist for the San Francisco Police Department and Defendant CCSF and is sued in his individual capacity.

11. Defendant SYLVIA LANGE (hereinafter "Defendant Lange") was, and at all times herein is, an officer of the San Francisco Police Department and Defendant CCSF and is sued in her individual capacity.

12. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Doe Defendant is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Doe Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, unlawful search/seizure, and/or unlawful arrest. Each Doe Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

13. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for Defendant CCSF.

14. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15. Plaintiff filed a timely government with Defendant CCSF on March 10, 2022, which was rejected by Defendant CCSF on July 19, 2022.

## FACTUAL ALLEGATIONS

*Defendant CCSF instituted and maintained an unconstitutional DNA database of crime victims' DNA without the victims' consent or knowledge*

16. Since at least 2015, the City and County of San Francisco (hereinafter "Defendant CCSF") has had a policy and/or practice of placing DNA samples taken from crime victims as part of the investigation into the crimes they suffered and/or reported into a "quality assurance" database without the victims' consent or knowledge. Defendant CCSF maintained the victims' DNA in the database into perpetuity and tested any genetic material taken from any and all subsequent crime scenes against all DNA samples in the "quality assurance" database.

17. In effect, this policy and/or practice means that once a crime victim's DNA was taken by Defendant CCSF, it would be tested for a match against DNA taken from every subsequent crime scene in which genetic material was recovered, regardless of whether it had any relation to the crime suffered by the victim.

18. Law enforcement officers in San Francisco routinely used the "quality assurance" DNA database to identify DNA taken from crime scenes. Defendant Mark Powell, the director of the San Francisco Police Department's crime lab, described the practice of running DNA collected

from crime scenes through the DNA database that includes the DNA of unrelated crime victims as standard procedure.[3]

19. On information and belief, this policy and/or practice of using the "quality assurance" database in such a manner without ever obtaining the crime victims' consent was implemented and continued at the direction of Defendant Powell, Defendant William Scott—the San Francisco Chief of Police—and other Doe Defendant decision-makers within the Defendant CCSF.

***Plaintiff Jane Doe was unlawfully arrested by Defendant Officers in reliance on a DNA sample she provided years prior as a sexual assault victim***

20. On November 8, 2016, law enforcement officers of Defendant CCSF took a sample of Plaintiff Jane Doe's DNA as part of an investigation into the sexual assault of Plaintiff Doe. These officers led Plaintiff Doe to believe that her DNA would not be used for any purposes other than investigating her sexual assault.

21. Defendants instead maintained Plaintiff Doe's DNA in the "quality assurance" database from 2016 until at least February 2022. In that time, Plaintiff's DNA was tested against crime scene DNA in hundreds, if not thousands of cases. Plaintiff Doe never consented to her DNA being used in this context or any context other than the investigation into the sexual assault she reported.

22. On or about December 6, 2021, Defendant CCSF's employee Kelley Fracchia, a criminalist for the San Francisco Police Department, ran the DNA sample allegedly taken from

---

[3] https://www.ktvu.com/news/use-of-rape-kit-dna-in-san-francisco-to-probe-other-crimes-shocks-prosecutors

the scene of a burglary through Defendant CCSF's database that included the DNA of crime victims from unrelated cases.

23. At no point did Plaintiff Doe give consent for her DNA to be used to investigate any crimes other that she reported.

24. On or about December 10, 2021, Defendant Fracchia sent a forensic report to Defendant Sylvia Lange, a sergeant in the San Francisco Police Department, where she indicated that the DNA allegedly taken from the crime scene matched the DNA sample taken from Plaintiff Doe in 2016.

25. Citing this report, Defendant Lange sought and received an arrest warrant of Plaintiff Doe on burglary allegations. Defendant Lange's evidence of probable cause for the warrant rested in large part on the DNA match obtained by Defendant Fracchia.

26. Defendant Doe Officers later arrested and charged Plaintiff Doe with several burglary-related offenses in reliance on the unlawfully obtained search warrant. All charges against Plaintiff Doe were later dropped.

## DAMAGES

27. As a proximate result of each of the Defendants' negligence and violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and loss of sense of security, dignity, and pride as United States Citizen.

28. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. Medical expenses;
   b. Pain and suffering, including emotional distress;

c.  Violation of constitutional rights;

d.  All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

29. The conduct of Defendants SCOTT, POWELL, FRACCHIA, LANGE, and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the right and safety of Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants SCOTT, POWELL, FRACCHIA, LANGE, and DOES 1-50.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Search/Seizure under 42 U.S.C. Section 1983)**
*(Plaintiff against Defendants SCOTT, POWELL, FRACCHIA, and DOES 1-50)*

30. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

31. Defendants took Plaintiff's DNA under the pretenses of using it to investigate the sexual assault that Plaintiff survived. Plaintiff did not consent to the use of her DNA for any purpose other than the investigation of the crime she suffered and reported.

32. Nevertheless, Defendants still placed Plaintiff's DNA into the so-called "quality assurance" database and tested Plaintiff's DNA against every subsequent genetic material sample taken from any crime scene investigated by law enforcement in San Francisco.

33. Each one of Defendants' test of crime scene DNA against Plaintiff's DNA in the "quality assurance" database was an unlawful search because Plaintiff never consented to such a

search and the Defendants had no reasonable suspicion that Plaintiff had any connection to any of these crime scenes.

34. On December 6, 2021, Defendant FRACCHIA tested crime scene DNA allegedly taken from a site of a burglary against Plaintiff's DNA sample that was unlawfully maintained in the "quality assurance" database.

35. Defendants FRACCHIA and DOES 1-50 unlawfully maintained Plaintiff's DNA and routinely searched it to compare against wholly unrelated genetic material taken from other crime scenes at the direction of Defendants SCOTT, POWELL, and Doe Defendant decisionmakers within Defendant CCSF.

36. As a result of their misconduct, Defendants SCOTT, POWELL, FRACCHIA, and DOES 1-50 are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (*Monell*))**
*(Plaintiff against Defendants SCOTT, POWELL, CCSF, and DOES 1-50)*

37. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

38. Since at least 2015, Defendant CCSF has implemented and maintained a policy and/or practice of maintaining crime victims' DNA—supposedly taken for the purpose of investigating the crimes they suffered—in a "quality assurance" database into perpetuity, even when the victims' cases have long been resolved. Defendant CCSF's law enforcement officers and/or crime laboratory employees then tested every DNA sample taken from subsequent crime scenes that were investigated by the San Francisco Police Department, even when there was no reason to believe that the victims were in any way connected to these crimes.

Case 3:22-cv-05179-AGT   Document 1   Filed 09/12/22   Page 10 of 14

39. On information and belief, Defendant CCSF's policy and/or practice has led to thousands of unconstitutional searches of crime victims' genetic material.

40. This policy and/or practice has been designed, implemented, and/or continued by Defendants SCOTT, POWELL, and Doe Defendants, who are or were high-ranking policy makers with Defendant CCSF and the San Francisco Police Department. Defendants did so despite having notice that the policy and/or practice was plainly unconstitutional.

41. Defendants FRACCHIA, LANGE, and Defendant Doe Officers' unlawful search of Plaintiff's DNA and subsequent false arrest of Plaintiff based on this unconstitutionally-derived alleged evidence was in accordance with and motivated by Defendant CCSF's practice and/or policy of obtaining crime victims' DNA under false pretenses and thereafter maintaining the victims' DNA in the "quality assurance" database so that they may be used for future unlawful searches.

42. As a direct and proximate result of Defendant CCSF's unconstitutional policies and/or practices, Plaintiff sustained serious damages and are entitled to damages, penalties, costs, and attorneys' fees as set forth in paragraphs 24-26 above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Negligence)
*(Plaintiff against Defendants SCOTT, POWELL, FRACCHIA, LANGE, CCSF, and DOES 1-50)*

43. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

44. At all times, all Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

45. At all times, all Defendants owed Plaintiff the duty to act with reasonable care.

**COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF**
**DOE V. CCSF**
- 10 -

46. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a. To refrain from using unlawful searches and/or seizures against Plaintiff, including unlawful retention and searching of her genetic material;

    b. To refrain from abusing their authority granted them by law;

    c. To refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

47. Defendants, through their acts and omissions, breach each and every one of the aforementioned duties owed to Plaintiff.

48. Defendant CCSF is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to California Government Code § 815.2.

49. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff against Defendants SCOTT, POWELL, FRACCHIA, LANGE, CCSF, and DOES 1-50)*

50. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

51. Plaintiff brings this "Bane Act" claim individually for direct violation of her own rights.

52. By their conduct described herein, Defendants and DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

53. Unreasonable search and seizure which violates the Fourth Amendment also violates the Bane Act.

54. Further, any volitional violation of rights done with reckless disregard for those rights also satisfied the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

55. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure, search, detention, or arrest:

    a. Obtaining Plaintiff's DNA under the pretenses of investigating the sexual assault that Plaintiff survived, the only purpose for which Plaintiff consented to Defendants' use of her DNA;

    b. Maintaining Plaintiff's DNA in a "quality assurance" database for years after the investigation into the aforementioned sexual assault was completed;

    c. Testing Plaintiff's DNA against every genetic material sample recovered from subsequent crime scenes without Plaintiff's consent or any reasonable suspicion to believe Plaintiff was involved in that specific criminal investigation;

    d. Unlawfully searching Plaintiff's DNA each and every time it was tested against crime scene DNA, amounting to hundreds if not thousands of unlawful searches;

    e. Violating multiple rights of Plaintiff;

56. Defendant CCSF is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

57. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants SCOTT, POWELL, FRACCHIA, LANGE, and DOES 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

58. Plaintiff hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiff prays for relief as follows:

a. For general damages in a sum to be proven at trial;
b. For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
c. For punitive damages against Defendants SCOTT, POWELL, FRACCHIA, LANGE, and DOES 1-50 in a sum according to proof;
d. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;
e. For the cost of suit herein incurred; and
f. For injunctive relief in the form of an Order:
   i. Removing Plaintiff's DNA from Defendant CCSF's permanent database
   ii. Prohibiting Defendant CCSF from storing crime victim's DNA in a permanent database

   iii. Prohibiting Defendant CCSF from storing crime victim's DNA in a permanent database and providing access to law enforcement personnel and others without crime victim's consent

 g. For such other relief as the Court deems just and proper.

Dated: September 12, 2022    POINTER & BUELNA, LLP
                LAWYERS FOR THE PEOPLE

                /s/ Ty Clarke
                Ty Clarke
                Attorney for PLAINTIFF

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400