UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 22-cv-05179-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

  Following argument, the Court was planning to issue an order resolving defendants' motion to dismiss on the merits. But upon further review, the Court has become concerned that the motion and the complaint have blended together distinct legal claims in a confusing way.

  Plaintiff titles her first claim as a "Fourth Amendment – Unlawful Search/Seizure [Claim] under 42 U.S.C. [§] 1983." Dkt.1 at 8. She brings this claim against Chief Scott, Mark Powell, and Kelley Fracchia. Plaintiff titles her second claim as a "Supervisory and Municipal Liability [Claim] for Unconstitutional Custom or Policy (*Monell*)." *Id.* at 9. She brings this claim against Chief Scott, Mark Powell, and the City and County of San Francisco.

  The second claim is really two claims in one. Supervisory liability and municipal liability are distinct concepts. *Compare* Ninth Cir. Model Civ. Jury Instr. § 9.4 (2022 ed.) (identifying the elements of a constitutional claim against a supervisor who acts under the color of state law), *with id.* §§ 9.5–9.8 (identifying the elements of a constitutional claim against a municipality).

  Defendants have made clear that they are moving to dismiss the first claim. *See* Dkt. 12 at 7 ("Defendants move to dismiss the first [claim] . . . ."). But they've sent mixed messages about whether they are also moving to dismiss the second claim. They don't expressly say that they are moving to dismiss the second claim. But they do say that "[s]upervisory liability under Section

1983 does not apply," dkt. 16 at 5, apparently attacking the second claim.

Blurring things further, defendants refer to *the* § 1983 claim as if there's only one such claim. *See, e.g.*, Mot., Dkt. 12 at 9 ("Chief Scott must be dismissed from the Section 1983 claim . . . .") (emphasis omitted). There are three § 1983 claims: the search-and-seizure claim, the supervisory liability claim, and the municipal liability claim. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (*Monell* municipal liability claim properly filed under § 1983); *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020) (same for supervisory liability claim); *Whalen v. McMullen*, 907 F.3d 1139, 1143 (9th Cir. 2018) (same for search-and-seizure claim).

Plaintiff's complaint lumps together distinct claims, and the Court cannot say with certainty which claims defendants are moving to dismiss, and on which grounds. As a result, the Court will require plaintiff to amend her complaint to better distinguish between her § 1983 claims against individuals, her § 1983 claims against supervisors, and her § 1983 claims against municipalities. If defendants move to dismiss plaintiff's amended complaint, they should also make clear which § 1983 claim or claims they are moving to dismiss, and on which grounds.

Plaintiff shall file her amended complaint on or before January 13, 2022.

**IT IS SO ORDERED.**

Dated: December 21, 2022

Alex G. Tse
United States Magistrate Judge