UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 22-cv-05179-AGT<br><br>**ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 30 |

    Jane Doe plausibly alleges that the defendants violated her Fourth Amendment rights. She alleges that the SFPD promised her that if she provided a DNA sample, which she did, the SFPD would use the sample only to investigate her sexual assault. *See* Dkt. 27, SAC ¶ 27. She alleges that despite this promise, the SFPD used her DNA sample to investigate other crimes, including a burglary offense for which she was charged. *See id.* ¶¶ 28–33.

    The SFPD's use of Doe's DNA "exceed[ed] the scope of the consent given," which was a clearly established Fourth Amendment violation. *United States v. McWeeney*, 454 F.3d 1030, 1034 (9th Cir. 2006); *see also Fla. v. Jimeno*, 500 U.S. 248, 252 (1991) (explaining that a person "may of course delimit as he chooses the scope of the search to which he consents").

    Moreover, as alleged, the individual defendants "knew about and acquiesced in the constitutionally defective conduct." *Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022). *See* SAC ¶ 3 (alleging that defendant Mark Powell, the director of the SFPD's crime laboratory, characterized what happened to Doe as "standard procedure"); *id.* ¶ 25 (alleging that Powell told

defendant William Scott, the SFPD Chief of Police, about this procedure, and Chief Scott "did not protest, object or order the searches . . . to end"); *id.* ¶ 23 (alleging that defendant Sylvia Lange, the SFPD officer who used Doe's DNA to obtain a warrant for Doe's arrest, "knew [about] this procedure and . . . made no protests, remonstrations or objections"); *id.* ¶¶ 23, 29–30 (alleging that defendant Kelley Fracchia, the SFPD criminalist who matched Doe's DNA to the DNA found at the 2021 burglary scene, "had been trained on the procedure" and knew that Doe hadn't consented to the SFPD's use of her DNA to investigate crimes unrelated to her sexual assault).

Facts may come to light during discovery that may alter this analysis. But at this early stage, Doe has stated a plausible Fourth Amendment claim for which qualified immunity doesn't apply. The Court denies the defendants' motion to dismiss Doe's claims, including Doe's state-law claims, which are predicated on her Fourth Amendment claim.

An initial case management conference will be held on August 18, 2023, at 2:00 p.m. A joint case management statement is due on August 11, 2023.

**IT IS SO ORDERED.**

Dated: July 20, 2023

Alex G. Tse
United States Magistrate Judge