UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>              Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>              Defendants. | Case No.  22-cv-05179-AGT<br><br>**PRETRIAL SCHEDULING ORDER AND TRIAL GUIDELINES** |

The following pretrial schedule and trial guidelines will govern unless amended or super-seded by a subsequent court order.

| Event | Deadline |
|---|---|
| Meet and confer regarding final pretrial conference | November 8, 2024 |
| Serve motions in limine[1] | November 18, 2024 |
| Serve oppositions to motions in limine | December 2, 2024 |
| File joint pretrial conference statement, motions in limine, and oppositions to motions in limine | December 6, 2024 |
| File proposed jury instructions, voir dire questions for electronic questionnaire, individuals-involved list, verdict forms, statement of the case, and exhibit list | December 6, 2024 |
| Pretrial Conference | December 13, 2024 |
| Deliver hardcopy and electronic exhibit sets | January 21, 2025 |
| Arrange for daily transcript or real-time reporting if needed | January 21, 2025 |

---

[1] The operative case scheduling order issued on August 21, 2023 (Dkt. 47) sets deadlines to "file" motions in limine (November 18, 2024) and oppositions to motions in limine (December 2, 2024).  This order clarifies that motions in limine and any oppositions thereto shall be *served* (not filed) by those dates.

| File proposed order for bringing exhibit presentation equipment and technology into the courthouse | January 21, 2025 |
|---|---|
| Final pretrial conference (if necessary) | January 24, 2025 |
| Contact Stephen Ybarra re: courtroom layout and technology | January 29, 2025 |
| File all deposition and discovery designations | January 29, 2025 |
| File stipulated list of proposed juror excusals and voir dire questions for in-court voir dire | January 30, 2025 |
| Trial | February 3, 2025 (estimated 7–10 days) |

## PRETRIAL CONFERENCE AND FINAL PRETRIAL CONFERENCE

The pretrial conference will be held on Friday, December 13, 2024, at 10:00 a.m., in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, CA.  If necessary, a final pretrial conference will be held on Friday, January 24, 2025, at 10:00 a.m., in the same location.  Lead trial counsel for each party must attend.  In anticipation of the December 13, 2024, pretrial conference, the parties must meet and confer by November 8, 2024, about the matters discussed below.

## PRETRIAL FILINGS

I.    <u>Motions in Limine with Oppositions</u>

By November 18, 2024, the moving party must serve, but not file, an opening brief for each of its motions in limine.  By December 2, 2024, the responding party must serve, but not file, its oppositions.  Once the moving party has received the oppositions, that party must collate each opening brief with its opposition, and then file the paired sets by December 6, 2024.

Unless otherwise permitted, each party is limited to bringing five motions in limine. Each motion should address a single topic.  Rather than squeeze multiple topics into one motion in limine, the parties must seek relief from the five-motion limit if necessary.

Each motion in limine must be clearly identified as "_____'s Motion in Limine No.___ Re:_____," with the blanks filled in as appropriate.

The briefs in support of and in opposition to each motion in limine must be no longer than five pages.  No reply briefs may be filed.

II.    <u>Joint Pretrial Conference Statement</u>

By December 6, 2024, the parties must file a joint pretrial conference statement containing the following information:

1.    a brief description of all claims and defenses that remain to be decided, including whether any issues are for the Court to decide rather than the jury;

2.    a statement of all relief sought;

3.    a statement of all relevant stipulated or undisputed facts;

4.    a list of all witnesses likely to be called at trial by each side, a brief statement describing the substance of the testimony to be given by each witness, and the estimated number of minutes or hours the testimony will take (on direct and cross); and

5.    an estimate of the total length of the trial.

III.    <u>Proposed Jury Instructions</u>

By December 6, 2024, the parties must file a joint set of proposed jury instructions, arranged in the order the parties propose the Court give the instructions.

The parties should use the Ninth Circuit Model Jury Instructions where possible.  Any modifications to a form instruction must be plainly identified.  The parties don't need to submit instructions from Chapters 1–3 of the Ninth Circuit Manual, but they must indicate which of these instructions should be included.

Instructions upon which the parties agree must be identified as "Stipulated Instruction No.__ Re:_____," with the blanks filled in as appropriate.  If the parties disagree on an instruction, each party's proposed version of the disputed instruction must be provided and identified as "Disputed Instruction No.__ Re:_____ Offered by_____," with the blanks filled in as appropriate.  All proposed versions of the same instruction must bear the same number.  Following each set of proposed versions of a disputed instruction, each party must explain, in no more than one page, why the Court should give that party's proposed

instruction.

If the parties dispute whether a particular instruction should be given at all, the proponent of the instruction must provide proposed language, identified as "Disputed Instruction No.___ Re:_____ Offered by_____," with the blanks filled in as appropriate. Following the disputed instruction, each party must explain, in no more than one page, why the instruction should or should not be given.

The parties should be prepared to discuss jury instructions at the final pretrial conference.

IV.    Voir Dire Questions

By December 6, 2024, the parties must file a joint list of potential voir dire questions. Before the Court permits the parties to conduct voir dire, it will ask potential jurors to respond to a set of questions similar to those contained in the questionnaire appended to this order. The parties need not include those questions in their set of proposed questions. If the parties disagree on any proposed question, they should note their disagreement, and each party should provide its proposed version of the question, or state that in its view the question should not be asked at all.

The parties and the Court will receive prospective jurors' responses to the questionnaire several days before trial. Counsel must then meet and confer and, by noon PST on January 30, 2025, submit a stipulated list of the prospective jurors they wish to excuse. Unless the Court holds otherwise, prospective jurors on the stipulated list will be excused and won't be required to appear at the courthouse.

On the first day of trial, the Court will conduct a limited voir dire of the remaining prospective jurors. By January 30, 2025, the parties may submit for the Court's consideration an agreed-upon list of additional voir dire questions to be posed by the Court during in-court voir dire. If the parties disagree on any proposed question, they should note their disagreement, and each party should provide its proposed version of the question, or state that in its view the question should not be asked at all.

V.    Verdict Forms

By December 6, 2024, the parties must file either a joint proposed verdict form, or, if

they disagree, separate proposed verdict forms.

VI.   <u>Statement of the Case</u>

By December 6, 2024, the parties must jointly file a simplified statement of the case to be read to potential jurors during voir dire.  The statement shouldn't exceed one page, double-spaced.

VII.   <u>Exhibit List</u>

By December 6, 2024, the parties must file a joint exhibit list in tabular form with the following columns: (1) exhibit number; (2) brief description of the exhibit; (3) the exhibit's purpose and sponsoring witness; (4) a brief description of any objections to the admissibility of the exhibit or, alternatively, a statement that the parties have stipulated to the exhibit's admissibility; (5) a brief response to any objections; and (6) a blank column for the Court's use.

VIII.   <u>Deposition and Discovery Designations</u>

By January 29, 2025, each party must file all designations of deposition testimony or other discovery it wishes to offer, as well as any counter-designations or objections to the deposition testimony or discovery offered by any other party.

There is no need to lodge deposition transcripts before trial.  Counsel should simply be prepared to hand to the Court a copy of a witness's deposition testimony once they are ready to request permission to read a portion of a witness's testimony into the record.

IX.   <u>Individuals Involved List</u>

By December 6, 2024, the parties must file a joint list of people involved in the case. Prospective jurors will be asked whether they personally know any of those people.  The list should include counsel, the parties, the potential witnesses, and any other people significantly involved in the case.

X.   <u>Chambers Copies</u>

The parties should not mail courtesy copies of their pretrial filings to the Court; but by noon the day after filing, the parties must submit by email, to agtpo@cand.uscourts.gov, the jury instructions, voir dire questions, verdict forms and the statement of the case, all in Word format.

# EXHIBITS

A.    <u>Official Trial Exhibits</u>

The parties must jointly prepare a single set of all trial exhibits that will be the official record and, if applicable, used on appeal.  By January 21, 2025, the parties must deposit this set of trial exhibits with the Court.  Arrangements must be made by contacting Stephen Ybarra, Judge Tse's Courtroom Deputy, at agtcrd@cand.uscourts.gov.

The exhibits must be provided in three-ring binders, with each exhibit tagged, three-hole-punched, and separated with a label divider identifying the exhibit number.  A spine label on each binder should be marked "Original" and indicate the numbers of the exhibits contained therein.  Exhibits must be sequentially numbered.

A single exhibit should be marked only once.  If the plaintiff has marked an exhibit, the defendant should not re-mark the same document with another number.  Different versions of the same document (e.g., versions of a document with and without additional handwriting) must be treated as different exhibits and marked with different numbers.

To avoid any party claiming "ownership" of an exhibit, all exhibits must be marked and referred to as "Trial Exhibit No. __," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

The exhibit tag should be in the following form:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____

Date Entered _____

By_____
          Deputy Clerk
```

The Court prefers but does not require that the exhibit tags be in a color that will stand out (yet still allow for photocopying).  Counsel should fill in the exhibit and case numbers, but

leave the other spaces ("Date Entered" and "By") blank.

Exhibit tags must be placed on or near the lower right-hand corner of each exhibit, unless the exhibit is a photograph, in which case the tag must be placed on the back.  If an exhibit is a multipage document and there is no room on the front of the first page, then the exhibit tag must be placed on the back of the last page of the document in the lower left corner.

B.      Copy Set of Exhibits

By January 21, 2025, a copy of the exhibits in electronic form (on a portable USB drive or through a shared-access repository) must be provided to Judge Tse's Courtroom Deputy.  The electronic copy should contain each exhibit as a separate file, with each file named so that the exhibits appear sequentially when sorted by file name.

C.      Treatment of Exhibits During Trial

Counsel must clearly announce the number of any exhibit used during the proceedings, even if it has already been admitted.

Counsel must consult with each other and with Judge Tse's Courtroom Deputy at the end of each trial day about which exhibits are in evidence and any limitations thereon.  If there are any disagreements, counsel should bring them promptly to the Court's attention.

Exhibit notebooks for the jury will not be permitted without prior permission.

## PRETRIAL ARRANGEMENTS

Should a daily transcript, real-time reporting, or both be desired, the parties must make arrangements with Kristen Melen, Supervisor of the Court Reporting Services, at (415) 522-2079, by January 21, 2025.

By January 29, 2025, the parties must contact Judge Tse's Courtroom Deputy to discuss any questions or issues they have about the layout of the courtroom and the available technology.

During trial, counsel may wish to use overhead projectors, posters, models, etc.  If equipment is necessary, the United States Marshal requires a court order to allow equipment into the courthouse, and the parties must file any proposed order on this topic by January 21, 2025. For electronic equipment, the parties should be prepared to maintain the equipment or have a

technician handy at all times.

## TRIAL SCHEDULE

Trial will be conducted from 8:30 a.m. to 1:30 p.m.  There will be two fifteen-minute breaks, but no additional break for lunch.  Counsel must arrive by 8:00 a.m. each day, or earlier if directed by the Court, to discuss any matters that need to be heard outside the presence of the jury.  The jury will be called at 8:30 a.m.

After reviewing the pretrial filings, the Court may decide to limit each side to a set number of hours of trial time.  The Court will raise this issue if necessary at the pretrial conference or final pretrial conference.

## THE JURY

In civil cases, there are no alternate jurors and the jury is selected as follows: Potential jurors are called and seated in the jury box in the order their names are drawn.  This placement determines their order in the selection process.  Hardship excuses will usually be considered first. The Court will then have each juror orally answer a set of written questions, will itself ask questions of those in the jury box, or both.  Counsel may then conduct a limited voir dire. Challenges for cause will then be addressed without the potential jurors present.  The Court will then consider whether to fill the seats of any stricken jurors.  If so, questions will be asked of the additional jurors and cause motions as to them will be considered.  After a short recess, and without the potential jurors present, each side may exercise its allotment of peremptory challenges.  Once the jury selection is completed, the jurors' names will be read and the jurors will be seated in the jury box and sworn in.  The Court may alter this procedure in its discretion and after consultation with the parties.

## WITNESSES

At the close of each trial day, counsel must exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness).  Within 24 hours of receiving such notice, opposing counsel must provide any objections to such exhibits and must provide a list of all exhibits to be

used with the same witness on cross-examination (other than for impeachment).  The first notice must be exchanged 48 hours before the first day of trial.  All such notices must be provided in writing.

At the start of each trial day, counsel must alert the Court to any objections to the witnesses planned for the day, which the Court will address before the jury comes in.

Other than a party or party representative, fact witnesses are excluded from the courtroom until they are called to testify and may not attend in the gallery until their testimony is complete.

Counsel must always have their next witness ready and in the courthouse.

**IT IS SO ORDERED.**

Dated: September 1, 2023

_____
Alex G. Tse
United States Magistrate Judge

Appendix A

JUROR QUESTIONNAIRE

1. What is your name?

2. How old are you?

3. What city do you live in?

4. What is your job and how long have you had it?  (If you are retired, please describe your job before you retired.)

5. Are there any other adults (besides you) who live in your household?  If so, what are their jobs?

6. Do you have children?  If so, please state their ages.  If they are employed, please state their jobs.

7. Do you have any difficulty understanding or reading English?

8. Have you ever served in the military?  If so, in what capacity?

9. Have you ever served on a jury?  If so, how many times?